UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zach Hillesheim,

    Plaintiff,

v.

Holiday Stationstores, Inc.,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-1222 (MJD/DTS)

_____

    Padraigin L. Browne, Browne Law, LLC, Counsel for Plaintiff.

    Tamara L. Novotny, Cousineau, Van Bergen, McGee & Malone, P.A., Counsel for Defendant.

_____

This matter is before the Court on Defendant's motion for summary judgment.

**I.    Background**

Plaintiff brought this action in April 2016 against Defendant Holiday Stationstores, Inc. ("Holiday") alleging that Holiday violated the ADA and the MHRA at its store located at 1901 Adams St., Mankato, Minnesota. Specifically, Plaintiff alleges that when visiting this Holiday store, he observed that two parking spaces were reserved as accessible parking spaces, but both spaces

1

lacked signage. (Comp. ¶ 12.) Plaintiff further alleges that one accessible parking space lacked an adjacent access aisle. (Id.) In addition, the top of the curb ramp was obstructed by a garbage can. (Id. ¶ 13.) A photograph of the parking space is attached to the Complaint.

In response to Plaintiff's complaint, Holiday asserts it took prompt action to address each of the issues raised by Plaintiff in his Complaint. In addition, Holiday asserts that Plaintiff cannot present any evidence that a physical barrier actually hindered his ability to access and patronize the store such that he suffered an actual injury. Instead, Holiday argues the facts reflect that Plaintiff could have parked in at least one of the parking spaces which had an adjacent access aisle and used the ramp to access the sidewalk that led directly into the store. Instead, it appears that Plaintiff simply chose not to patronize the store.

## II. Standard for Summary Judgment

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue

of material fact. Celotex, 477 U.S. at 323. "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)). The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**III.   ADA Claim**

Holiday argues that under the ADA, Plaintiff is entitled only to injunctive relief for the claim asserted. See Wojewski v. Rapid City Reg'l Hosp., Inc., 450 F.3d 338, 342 (8th Cir. 2006) (finding that Title III provide only injunctive relief). In this case, Holiday has provided the affidavit of John Baregi, Vice President of Engineering, in which he discussed the upgrades to the handicapped parking at the Mankato store to address the issues in Plaintiff's complaint. Attached to the affidavit of Tamara Novotny are photographs of the upgrades which show ADA compliant handicapped parking. These photographs were taken by Plaintiff's counsel. (Novotny Aff. ¶ 4.) Accordingly, Holiday argues this claim should be

dismissed as moot.

Plaintiff does not oppose dismissal of his ADA claim on the basis that such claim is moot. (Plaintiff Mem. Opp. at 4.) This claim will be dismissed.

## IV. MHRA Claim

Holiday moves to dismiss his claims under the MHRA on the basis that Plaintiff lacks standing to assert a such a claim. Under Minnesota law, standing is a jurisdictional concept that "requires that a party must have sufficient personal interest in the legal dispute so that it is appropriate to allow that party to pursue litigation." Krueger v. Zeman Const. Co., 781 N.W.2d 858, 861 (Minn. 2010). Standing exists if a party has suffered an injury in fact - that is a concrete and particularized invasion of a legally protected interest." Id. To assert a claim under the MHRA, "the act of discrimination itself constitutes sufficient injury for the law to provide a remedy, in the absence of statutory language requiring more." Id. (quoting Potter v. LaSalle Court Sports & Health Club, 384 N.W.2d 873, 875 (Minn. 1986)). It is Plaintiff's burden to demonstrate that he has standing. Disability Support Alliance v. Geller Family Ltd., 160 F. Supp.3d 1133, 1137 (D. Minn. 2016) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)).

Minn. Stat. § 363A.11, subdiv. 1 (a)(2) provides it is an unfair discriminatory practice for a place of public accommodation not to make reasonable accommodation to the known physical disability of a disabled person. State and local building codes control where applicable, but a violation of such codes is not a violation of the MHRA and must be enforced under normal building code procedures. Id. subdiv. 1(b). To recover damages under the MHRA, a plaintiff must establish that he has been unlawfully denied access to a place of public accommodation. See Davis v. Queen Nelly, No. 16-2553, 2016 WL 5868066, at *2 (D. Minn. Oct. 6, 2016).

Holiday argues that Plaintiff has failed to show an injury in fact under the MHRA, because he has not demonstrated that he was unlawfully denied access to the Holiday store on the day in question. Plaintiff acknowledges that the store had two parking spaces designated handicapped parking. However, because the store has less than 25 parking spots, only one designated handicapped space is required by the applicable law and regulations. 28 CFR pt. 36, App. D, ¶ 4.1.2 (5)(a). Prior to upgrading the parking lot, it is clear from the photographs produced by Plaintiff that one of the handicapped spaces had an adjacent access aisle that was level to the parking space. (Novotny Aff. ¶ 3, Ex. 2 at 3 (Pre

Upgrade Photos Submitted by Plaintiff).)  Plaintiff has not alleged or submitted any evidence to show that someone was illegally parked in that space on the day and time he visited the store that prevented him from entering the store.

With regard to the location of the garbage can, Holiday argues that Plaintiff has failed to offer any evidence that the garbage can actually obstructed the ramp or required a wheelchair user to change direction.  The photos show that a wheelchair user could get up the ramp and move straight ahead to the store's entrance without changing direction.

Thus, Holiday asserts the record shows that on the day Plaintiff alleges he visited the store, there was at least one handicapped accessible parking space with an adjacent aisle for Plaintiff to park in, he could have parked in that space without any risk of anyone parking in the visible access aisle and a ramp was present allowing direct access to the store's entrance.

It is Plaintiff's position that the Court should remand his MHRA claim to state court, arguing that generally, once all federal claims are dismissed, the federal district court should exercise its discretion to avoid ruling on purely state law claims.  See, e.g., Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990).  Plaintiff further asserts that courts consider the following factors in

deciding whether to exercise supplemental jurisdiction over state law claims: the stage of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum. Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 5 F. Supp.2d 694, 711 (D. Minn. 1998).

Plaintiff argues that the balance of these factors weighs in favor of remand of the MHRA claims. Dismissal of the ADA claim eliminates the only federal law claim and the issue of whether the "injury in fact" requirements are the same in federal and state court is a developing issue[1]. Next, the parties have expended minimal resources so far, as very little discovery has taken place.

The Court finds that remand of the MHRA is not warranted. Discovery is closed and dispositive motions have been brought. The state claim is not difficult and the Court has before it sufficient evidence upon which to issue a decision on

---

[1] In support of the argument that the injury in fact requirement is a developing issue, Plaintiff cites to a Minnesota Court of Appeals case that found that because the plaintiff had standing for purposes of his ADA claim, he also had standing for purposes of the MHRA claim. See Wong v. Chatterbox Pub Enter., Inc., 2016 WL 4067042, at *4 (Minn. Ct. App. Aug. 1, 2016). Other courts have treated claims under the ADA and the MHRA as being co-extensive. See Hillesheim v. Casey's Retail Company, 2016 WL 3676164, at *2, n.2 (D. Minn. July 6, 2016) (parties agreed that the ADA and MHRA are coextensive and that federal precedent regarding the ADA is relevant to the MHRA claim). Despite Plaintiff's claim, the decision of the Minnesota Supreme Court in Krueger, discussed above, clearly sets forth the standing requirements for asserting a claim under the MHRA.

Holiday's motion for summary judgment.

Plaintiff further argues that he has established an injury in fact, and cites to his declaration in which he states that the presence of the garbage can prevented him from using the ramp safely because it created a overly-narrow path and would have forced him to traverse a path of travel with an excessive cross slope. (Plaintiff Decl. ¶ 6.)

At this stage of the proceedings, specific evidence is required as opposed to mere allegations. See e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (finding that in response to a summary judgment motion, "the plaintiff can no longer rest on [] 'mere allegations,' [to establish standing] but must 'set forth' by affidavit or other evidence 'specific facts,' Fed.Rule Civ.Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true.")

In reviewing Plaintiff's submissions, the Court notes that Plaintiff does not state in his declaration that a car was parked in the accessible parking space which had an adjacent access aisle. Furthermore, he does not state that the access aisle was not readily visible or that any car was illegally parked in the access aisle thereby preventing him from exiting or re-entering his vehicle. Further, Plaintiff does not state what the width of the sidewalk was or that it was not wide enough

for him to access the sidewalk to enter the store, or that he actually attempted to enter the store but was prevented from doing so because of the location of the garbage can. The photographs of the garbage can do not readily support Plaintiff's claim, as it appears from the photographs that there may be sufficient space for a wheelchair user to travel past the garbage can. At most, Plaintiff speculates that the garbage can would have created a cross-slope, yet he fails to explain why he would not have been able to go up the ramp to go into the store.

Accordingly, based on the record, the Court finds that Plaintiff has failed to demonstrate that he suffered an injury in fact - that he was discriminated against on the basis of his disability.

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 19] is GRANTED. This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 31, 2017

s/ Michael J. Davis  
Michael J. Davis  
United States District Court